1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

11

CENTRAL DISTRICT OF CALIFORNIA

12
13

| | |
|---|---|
| MARY YOON, individually and on behalf of all others similarly situated, | Case No. 5:20-cv-02439-JWH-SHK |
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT** |
| v. | |
| LULULEMON USA INC. and QUANTUM METRIC, INC., | Date:     April 9, 2021 |
| Defendants. | Time:     9:00 a.m. |
| | Judge:    Hon. John W. Holcomb |
| | Ctrm:     2 |
| | Complaint filed:  Nov. 19, 2020 |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## [PROPOSED] ORDER

Before the Court is Defendants Lululemon USA Inc.'s ("Lululemon") and Quantum Metric, Inc.'s ("Quantum") Joint Motion to Dismiss Plaintiff's Class Action Complaint.  Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move the Court for an order dismissing, with prejudice, Plaintiff Yoon's claims for violations of Section 631 and 635 of the California Invasion of Privacy Act ("CIPA") and for invasion of privacy under the California Constitution.

Having considered the papers filed in support of, and in opposition to, the motion, and the oral argument of counsel, the files and records in this action, and for good cause shown, IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff's Class Action Complaint is dismissed with prejudice.

A Rule 12(b)(6) motion to dismiss should be granted when the complaint fails "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Here, Plaintiff fails to plausibly allege claims for violations of CIPA Sections 631 and 635 and for invasion of privacy under the California Constitution.

***Plaintiff's Section 631 Claim.***  Plaintiff's Section 631 claim fails for multiple reasons.  *First*, both Lululemon and Quantum fit within the well-established party exception to CIPA, as both were parties to the alleged communication.  *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020) (*Facebook III*); *Powell v. Union Pac. R.R. Co.*, 864 F. Supp. 2d 949, 955 (E.D. Cal. 2012) ("Published cases are in accord that section 631 applies only to third parties and not participants").  Here, both Quantum and Lululemon were parties to the purported communication because Lululemon voluntarily and intentionally embedded Quantum's script in its website and the presence of

1   Quantum's script on the website was conspicuously disclosed in Lululemon's

2   Privacy Policy. *Second*, Defendants did not intercept the "contents" of Plaintiff's

3   alleged communication because Quantum's platform does not capture payment

4   card information and the remaining information Plaintiff alleges Quantum and

5   Lululemon captured (from her specifically) constitutes nonactionable "record

6   information." *See In re Zynga Privacy Litig.*, 750 F.3d 1098, 1107–09 (9th Cir.

7   2014) (user's Facebook ID and the address of the webpage from which the user's

8   request to view another webpage was sent "does not constitute the contents of a

9   communication"); *Cousineau v. Microsoft Corp.*, 992 F. Supp. 2d 1116, 1127

10  (W.D. Wash. 2012) ("[T]he term contents does not include location information.").

11  *Third,* Plaintiff does not allege beyond a mere "formulaic recitation of the elements

12  of a cause of action" how the "contents" or her purported communication were

13  intercepted "in transit." *See Twombly*, 550 U.S. at 555; *see also In re Vizio, Inc.,*

14  *Consumer Privacy, Litig.*, 238 F. Supp. 3d 1204, 1227–28 (C.D. Cal. 2017)

15  (granting motion to dismiss where plaintiffs made only conclusory allegations of

16  the purported interception during transmission). Moreover, Quantum's software

17  could not have intercepted the "contents" of any purported communication "in

18  transit" because any information it captures is encypted and pseudonymized before

19  the information leaves the user's device. And *fourth*, Lululemon discloses in its

20  Privacy Policy that it uses analytics services like Quantum's and that it collects

21  certain aspects of a customer's visit to its website. As such, Plaintiff manifested

22  her assent to the capture of the alleged information.

23       ***Plaintiff's Section 635 Claim.*** Plaintiff's claim under Section 635 is equally

24  unsuccessful. *First,* there is no private right of action under Section 635 as a

25  private person cannot be "injured by a violation" of the section, which criminalizes

26  the manufacture, possession, sale, or transport of "any device which is primarily or

27  exclusively designed or intended for eavesdropping upon the communication of

28

2

1    another."  Cal. Penal Code § 635(a).  *Second,* Plaintiff lacks Article III standing.
2    *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  And, *third,* by Plaintiff's
3    own admission, Quantum's platform is for "marketing analytics"; as such, it does
4    not constitute a "device" primarily or exclusively designed for eavesdropping.

5            ***Plaintiff's Invasion of Privacy Claim.***  Plaintiff also fails to plausibly allege
6    that Lululemon's use of Quantum's platform meets the "high bar" required to state
7    a claim for invasion of privacy under the California Constitution.  *Low v. LinkedIn*
8    *Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012).  Plaintiff fails to establish a
9    reasonable expectation of privacy because she was on notice that Defendants were
10   collecting the information at issue, which she voluntarily provided when she
11   decided to make a purchase on Lululemon's website.  *See In re Yahoo Mail Litig.*,
12   7 F. Supp. 3d 1916, 1037-38 (N.D. Cal. 2014); *Hill v. Nat'l Collegiate Athletic*
13   *Ass'n*, 7 Cal. 4th 1, 36-37 (1994).  Additionally, Quantum's platform does not
14   collect any highly sensitive or confidential information, like credit card
15   information, and any other manually entered personally identifying information
16   (PII) that is captured is encrypted before it leaves the user's device, with only
17   Lululemon having the ability to decrypt it.  Courts have consistently held that the
18   collection (and disclosure, which Plaintiff does not even allege occurred here) of
19   the type of information captured by Quantum's platform does not constitute the
20   egregious breach of the social norms necessary to establish an invasion of privacy
21   claim.  *See In re Google, Inc. Privacy Policy Litig.*, 58 F. Supp. 3d 968, 985 (N.D.
22   Cal. 2014); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal.
23   2012); *Low*, 900 F. Supp. 2d at 1025; *Ruiz v. Gap, Inc.*, 540 F.Supp.2d 1121,
24   1127–28 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689 (9th Cir. 2010).
25   ///
26   ///
27   ///
28

1    Accordingly, Defendants' Joint Motion to Dismiss is GRANTED and

2   Plaintiff's Class Action Complaint is DISMISSED with prejudice.

3        **IT IS SO ORDERED.**

4

5   Dated: _____    _____

6                                        The Honorable John W. Holcomb
                                         United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

sf-4423815