# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY YOON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LULULEMON USA INC. and QUANTUM METRIC, INC.,<br><br>Defendants. | Case No. 5:20-cv-02439-JWH-SHK<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:   May 28, 2021<br>Time:   9:00 a.m.<br>Judge:  Hon. John W. Holcomb<br>Ctrm:   2<br><br>Complaint filed: Nov. 19, 2020<br>FAC filed:         Feb. 25, 2021 |

# [PROPOSED] ORDER

Before the Court is Defendants Lululemon USA Inc. and Quantum Metric, Inc.'s Joint Motion to Dismiss Plaintiff's First Amended Class Action Complaint. Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendants move the Court for an order dismissing, with prejudice, Plaintiff Yoon's claims for violations of Sections 631 and 635 of the California Invasion of Privacy Act ("CIPA"), violation of Section 2512 of the federal Wiretap Act, and for invasion of privacy under the California Constitution.

Having considered the papers filed in support of, and in opposition to, the motion, the oral argument of counsel, the files and records in this action, and for good cause shown, IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff's First Amended Class Action Complaint is dismissed with prejudice.

On a motion to dismiss for lack of standing under Rule 12(b)(1), a court must dismiss a complaint if the plaintiff does not satisfy Article III's standing requirements. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). A plaintiff must have "suffered an injury in fact" to have standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). A Rule 12(b)(6) motion to dismiss should be granted when the complaint fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, Plaintiff lacks Article III standing to assert a claim under CIPA Section 635 and Section 2512 of the federal Wiretap Act. Plaintiff also fails to plausibly allege claims for violations of CIPA Sections 631 and 635, violation of Section 2512 of the federal Wiretap Act, and for invasion of privacy under the California Constitution.

***Plaintiff's Section 631 CIPA Claim.*** Plaintiff's Section 631 CIPA claim fails for multiple reasons. *First*, both Lululemon and Quantum fit within the well-

established party exception to CIPA, as Lululemon and Quantum, as Lululemon's service provider, were parties to the alleged communication. *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020) (*Facebook III*); *Powell v. Union Pac. R.R. Co.*, 864 F. Supp. 2d 949, 955 (E.D. Cal. 2012) ("Published cases are in accord that section 631 applies only to third parties and not participants"). Lululemon voluntarily and intentionally embedded Quantum's script on its website and the sole function of the script is to supply information to Lululemon about the use of its website. Plaintiff does not allege that Quantum independently and surreptitiously embedded its code onto Lululemon's website, acted without authorization from Lululemon, or collected information for any purpose other than to supply it to Lululemon. Moreover, the presence of Quantum's script on the website and Quantum's status as a party to any "communication" a visitor may have with the website is conspicuously disclosed in Lululemon's Privacy Policy. *Second*, Defendants did not intercept the "contents" of Plaintiff's alleged communication because the information Plaintiff alleges Quantum and Lululemon captured from her specifically constitutes nonactionable "record information" and any personal identification information collected is encrypted before transmission off the user's device. *See In re Zynga Privacy Litig.*, 750 F.3d 1098, 1107-09 (9th Cir. 2014) (user's Facebook ID and the address of the webpage from which the user's request to view another webpage was sent "does not constitute the contents of a communication"); *Svenson v. Google, Inc.*, 65 F. Supp. 3d 717, 721, 729 (N.D. Cal. 2014). (contact information provided to Google while signing up for Google Wallet service, including names, email address, Google account name, home city and state, ZIP code, and in some instances telephone number, is record information); *Cousineau v. Microsoft Corp.*, 992 F. Supp. 2d 1116, 1127 (W.D. Wash. 2012) ("[T]he term contents does not include location information."). *Third,* Quantum's software could not have

intercepted the "contents" of any purported communication "in transit" because most, if not all, of the information collected is nonactionable record information that is encrypted and pseudonymized upon collection or collected as de-identified information before being transferred off the user's device. And *fourth*, Lululemon discloses in its Privacy Policy that it uses analytics services like Quantum's and that it collects certain aspects of a customer's visit to its website. Plaintiff was also explicitly informed upon checkout that "lululemon will use information you submit (including identifiers, commercial information, and internet or other electronic network activity information) to fulfill this request. To learn more, see our <u>privacy policy</u> and <u>terms of use</u>." As such, Plaintiff manifested her assent to the capture of the alleged information by using Lululemon's website and by affirmatively clicking "Place Order" during the checkout process.

      ***Plaintiff's Section 635 and Federal Wiretap Act Claims.*** Plaintiff's claims under CIPA Section 635 and Section 2512 of the federal Wiretap Act are equally unsuccessful. *First,* there is no private right of action under Section 635 or Section 2512 as a private person cannot be "injured by a violation" of these statutes, which criminalize the manufacture, possession, sale, or transport of "any device which is primarily or exclusively designed or intended for eavesdropping upon the communication of another." Cal. Penal Code § 635(a); 18 U.S.C. § 2512; *see also See DirecTV, Inc. v. Treworgy*, 373 F.3d 1124, 1126 (11th Cir. 2004). *Second,* Plaintiff lacks Article III standing to bring a claim under either statute. *See Spokeo*, 136 S. Ct. at 1547. *Third,* Quantum's platform is primarily used for marketing analytics, "to help businesses improve their website design and customer experience"; as such, it does not constitute a "device" primarily or exclusively designed for eavesdropping. And, *fourth*, even if Quantum's platform could be considered a device under either statute, Lululemon did not engage in any of the actions prohibited by the statutes as it was not involved in the manufacture,

distribution, or sale of Quantum's platform.

***Plaintiff's Invasion of Privacy Claim.***  Plaintiff also fails to plausibly allege that Lululemon's use of Quantum's platform meets the "high bar" required to state a claim for invasion of privacy under the California Constitution.  *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012).  Plaintiff fails to establish a reasonable expectation of privacy because she was on notice that Defendants were collecting the information at issue, which she voluntarily provided when she decided to make a purchase on Lululemon's website.  *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1916, 1037-38 (N.D. Cal. 2014); *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 36-37 (1994).  Plaintiff also fails to establish a reasonable expectation of privacy because she only alleges that Defendants collected the information at issue while she was using Lululemon's website.  *See Heeger v. Facebook, Inc.*, 2020 WL 7664459, at *7 (N.D. Cal. Dec. 24, 2020).  Additionally, any manually entered personally identifying information that is captured is encrypted before it leaves the user's device, with only Lululemon having the ability to decrypt it.  Courts have consistently held that the collection (and disclosure, which Plaintiff does not even allege occurred here) of the type of information captured by Quantum's platform does not constitute the egregious breach of the social norms necessary to establish an invasion of privacy claim.  *See McCoy v. Alphabet, Inc.*, No. 20-cv-05427-SVK, 2021 WL 405816, at *7 (N.D. Cal. Feb. 2, 2021); *In re Google, Inc. Privacy Policy Litig.*, 58 F. Supp. 3d 968, 985 (N.D. Cal. 2014); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012); *Low*, 900 F. Supp. 2d at 1025; *Ruiz v. Gap, Inc.*, 540 F.Supp.2d 1121, 1127–28 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689 (9th Cir. 2010).

///

///

///

Accordingly, Defendants' Joint Motion to Dismiss is GRANTED and Plaintiff's First Amended Class Action Complaint is DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: _____     _____
                                    The Honorable John W. Holcomb
                                    United States District Judge