PURVI G. PATEL (CA SBN 270702)
PPatel@mofo.com
NICOLE V. OZERAN (SBN 302321)
NOzeran@mofo.com
JOVANNA RENEE BUBAR (CA SBN 329277)
JBubar@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Defendant
QUANTUM METRIC, INC.

ANGELA CHRISTINE AGRUSA (CA SBN 131337)
Angela.agrusa@us.dlapiper.com
DAVID B. FARKAS (CA SBN 257137)
David.farkas@us.dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars Suite 400
Los Angeles, CA 90067-4704
Tel. 310.595.3000
Fax 310.595.3300

Attorneys for Defendant
LULULEMON USA INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY YOON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LULULEMON USA INC. and QUANTUM METRIC, INC.,<br><br>Defendants. | Case No. 5:20-cv-02439-JWH-SHK<br><br>**REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date:     November 5, 2021<br>Time:     9:00 a.m.<br>Judge:   Hon. John W. Holcomb<br>Ctrm:    2<br><br>Complaint filed:  Nov. 19, 2020<br>SAC filed:      July 29, 2021 |

# TABLE OF CONTENTS

**Page**

A.  No Dispute of Fact Exists as Quantum's Patents are Incorporated by Reference and Judicially Noticeable ................................................. 1

B.  Plaintiff Cannot State a Claim Under CIPA § 631 ....................................... 2

    1.  Plaintiff's claim under CIPA § 631(a)(ii) fails .................................... 3

    2.  Plaintiff's § 631(a)(iv) claim against Lululemon fails with her § 631(a)(ii) claim .................................................................................. 8

C.  Plaintiff Fails to State a Claim for Invasion of Privacy / Intrusion ............... 9

    1.  Plaintiff does not plead a reasonable expectation of privacy ............... 9

    2.  Defendants' conduct is not highly offensive to a reasonable person .................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alhadeff v. Experian Info. Sols., Inc.*,
    No. SACV 21-00395-CJC, 2021 WL 3615834 (C.D. Cal. May 25,
    2021).................................................................................................... 6, 7

*Ardente, Inc. v. Shanley*,
    No. C 07-4479 MHP, 2010 WL 546485 (N.D. Cal. Feb. 10, 2010) .................... 9

*Bunnell v. Motion Picture Ass'n of Am.*,
    567 F. Supp. 2d 1148 (C.D. Cal. 2007) ................................................................ 8

*Campbell v. Facebook Inc.*,
    77 F. Supp. 3d 836 (N.D. Cal. 2014) .................................................................... 2

*Cardoso v. Whirlpool Corp.*,
    No. 21-CV-60784-WPD, 2021 WL 2820822 (S.D. Fla. July 6,
    2021)...................................................................................................................... 4

*In re Carrier IQ*,
    78 F. Supp. 3d 1051 (N.D. Cal. 2015)............................................................. 2, 8

*Connor v. Whirlpool Corp.*,
    No. 21-CV-14180-WPD, 2021 WL 3076477 (S.D. Fla. July 6,
    2021)...................................................................................................................... 4

*In re Facebook Internet Tracking Litig*,
    956 F.3d 589 (9th Cir. 2020).....................................................................*passim*

*G.N. v. Life Ins. Co. of N. Am.*,
    No. 20-CV-08907-HSG, 2021 WL 2633404 (N.D. Cal. June 25,
    2021)...................................................................................................................... 2

*Goldstein v. Costco Wholesale Corp.*,
    No. 21-CV-80601-RAR, 2021 WL 4134774 (S.D. Fla. Sept. 9,
    2021)...................................................................................................................... 4

*Goldstein v. Luxottica of Am. Inc.*,
    No. 21-80546-CIV, 2021 WL 4125357 (S.D. Fla. Sept. 9, 2021) ........................ 4

*Graham v. Noom, Inc.*,
     No. 20-cv-06903-LB, 2021 WL 1312765 (N.D. Cal. Apr. 8, 2021)...........3, 4, 12

*In re Google Assistant Privacy Litigation*,
     457 F. Supp. 3d 797 (N.D. Cal. 2020).....................................................9

*In re Google Location History Litig.*,
     514 F. Supp. 3d 1147 (N.D. Cal. 2021)...................................................12

*In re Nickelodeon Consumer Privacy Litigation*,
     827 F.3d 262 (3d Cir. 2016) .........................................................10, 11

*Jacome v. Spirit Airlines Inc.*,
     No. 2021-000947-CA-01, 2021 WL 3087860 (Fla. Cir. Ct. June 17,
     2021)......................................................................................5, 7

*Khoja v. Orexigen Therapeutics, Inc.*,
     899 F.3d 988 (9th Cir. 2018) ...............................................................2

*Loomis v. Slendertone Distrib., Inc.*,
     420 F. Supp. 3d 1046 (S.D. Cal. 2019) ....................................................2

*Luis v. Zang*,
     833 F.3d 619, 630 (6th Cir. 2016) .........................................................8

*Mastel v. Miniclip SA*,
     No. 2:21-cv-00124 WBS KJN, 2021 WL 2983198 (E.D. Cal. July
     15, 2021)....................................................................................8

*Revitch v. New Moosejaw, LLC*,
     No. 18-CV-06827-VC, 2021 WL 2371974 (N.D. Cal. June 10,
     2021)........................................................................................1

*Revitch v. New Moosejaw*,
     No. 18-cv-06827-VC, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) ......1, 3, 6, 7

*Ribas v. Clark*,
     38 Cal. 3d 355 (1985)........................................................................3

*Rogers v. Ulrich*,
     52 Cal. App. 3d 894 (1975) .................................................................5

iii

*Saleh v. Nike, Inc.*,
     No. 2:20-cv-09581-FLA (RAOx), 2021 WL 4437734 (C.D. Cal.
     Sept. 27, 2021)..................................................................................3, 9, 11

*Svenson v. Google, Inc.*,
     65 F. Supp. 3d 717 (N.D. Cal. 2014)....................................................... 6

*Theofel v. Farey-Jones*,
     359 F.3d 1066 (9th Cir. 2004) ................................................................. 8

*United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*,
     660 F. Supp. 2d 1163 (2009) ................................................................... 3

*In re Vizio, Inc., Consumer Priv. Litig.*,
     238 F. Supp. 3d 1204 (C.D. Cal. 2017)............................................. 7, 10

*Wallace v. Nationstar Mortg., LLC*,
     No. 2:18-cv-02768-JAM-DB, 2020 WL 7182085 (E.D. Cal. Dec. 7,
     2020)......................................................................................................... 9

*Williams v. Facebook, Inc.*,
     498 F. Supp. 3d 1189 (N.D Cal. 2019)................................................... 10

*In re Zynga Priv. Litig.*,
     750 F.3d 1098 (9th Cir. 2014) ................................................................. 6

**Statutes & Other Authorities**

Cal. Penal Code § 631 .....................................................................*passim*

DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO DISMISS

Plaintiff abandons the only claim the Court allowed to proceed in its July 15, 2021 Order, stating that she does not assert a claim under § 631(a)(i) of the California Invasion of Privacy Act.  Instead, she tries, but fails, to bring Defendants' conduct within the ambit of § 631(a)(ii), a claim the Court dismissed, through several inapplicable analogies.  Quantum is not an eavesdropper with its ear pressed against the door or a third party listening in on Plaintiff's call with a Lululemon salesperson.  The encryption and de-identification that happen on the user's device **before** any data is transmitted make it impossible for Quantum to "hear" the content of any communication by Plaintiff with Lululemon.  No dispute of fact exists on this point when the Court considers what is properly before it; nor does any issue require expert analysis.  Moreover, the Court already determined that the information Plaintiff alleges Quantum's platform captured is not "content" under CIPA.  Plaintiff ignores the Court's July 15 Order on this issue and repeats arguments the Court previously rejected.  Plaintiff also again bases nearly every argument on *In re Facebook Internet Tracking Litig* ("*Facebook III*"), 956 F.3d 589 (9th Cir. 2020) and *Revitch v. New Moosejaw*, No. 18-cv-06827-VC, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019),[1] both of which are distinguishable.  As before, neither case carries the day for Plaintiff.  Accordingly, there is no reason for the Court to give Plaintiff a fourth chance to plead her claim, and Defendants respectfully request the Court dismiss this case with prejudice.

## A.     No Dispute of Fact Exists as Quantum's Patents are Incorporated by Reference and Judicially Noticeable

Plaintiff does not oppose Defendants' request for judicial notice, based in part on the incorporation-by-reference doctrine.  (ECF Nos. 38; 39 ("Opp.").)  Instead, Plaintiff asks the Court to rely on select portions of Quantum's patents and

---

[1] *Revitch* has since been dismissed for lack of subject matter jurisdiction. *Revitch v. New Moosejaw, LLC*, No. 18-CV-06827-VC, 2021 WL 2371974, at *1 (N.D. Cal. June 10, 2021).

1

website when it suits her, and to ignore the full text of the patents and website when they reveal the implausibility of her claims.  (*See* Opp. at 9, 16.)  Plaintiff cannot have it both ways.  The incorporation-by-reference doctrine exists "to prevent plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims."  *G.N. v. Life Ins. Co. of N. Am.*, No. 20-CV-08907-HSG, 2021 WL 2633404, at *2 (N.D. Cal. June 25, 2021) (citation omitted).

Moreover, contrary to Plaintiff's arguments (Opp. at 11), incorporation-by-reference indeed allows a court to "assume that [a document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Loomis v. Slendertone Distrib., Inc.*, 420 F. Supp. 3d 1046, 1063 (S.D. Cal. 2019) (citation omitted). Plaintiff's reliance on *In re Carrier IQ, Inc.,* and *Campbell v. Facebook Inc*. to argue otherwise is misguided.  (Opp. at 11.)  *In re Carrier IQ* in fact considered "materials incorporated by reference," while *Campbell* did not involve incorporated documents.  *In re Carrier IQ*, 78 F. Supp. 3d 1051, 1082 (N.D. Cal. 2015); *Campbell*, 77 F. Supp. 3d 836, 841 (N.D. Cal. 2014).

And, while it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint, that is not the situation here.  *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1003 (9th Cir. 2018).  Defendants cite portions of Quantum's patents and website concerning encryption, pseudonymization, and de-identification (Motion at 4-6) which Plaintiff claims are "dubious," but does not support with any well-pleaded facts (SAC ¶ 56).  Accordingly, no dispute of fact exists and the Court should again view and accept as true the entirety of Quantum's patents and website screenshots. (July 15 Order at 6, ECF No. 31.)

## B.   Plaintiff Cannot State a Claim Under CIPA § 631

Plaintiff states she does not assert a claim under CIPA § 631(a)(i) (Opp. at 3 n.1); as such, Defendants focus this reply on § 631(a)(ii) and (iv).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1.      Plaintiff's claim under CIPA § 631(a)(ii) fails**

**a.      Quantum was not a "third party" eavesdropper**

None of Plaintiff's arguments as to capture, storage, or interpretation change the fact that Quantum is not an eavesdropper.

***First***, while Quantum disputes that Plaintiff pleads that Quantum stores data (Mot. at 7-8), mere storage does not render Quantum a third-party eavesdropper (even a tape recorder stores data). *Graham v. Noom, Inc*., No. 20-cv-06903-LB, 2021 WL 1312765, at *5 (N.D. Cal. Apr. 8, 2021).

***Second***, Plaintiff's citations to the SAC, Quantum's patents, and Quantum's website (Opp. at 4) do not support the allegation that Quantum "interprets" data:

- Paragraph 20 states only that Quantum "is *able* to 'aggregate data[,]'" not interpret it (emphasis added));
- Paragraph 35 discusses *competitors'* capabilities; and,
- the single line from Quantum's website stating "We give you real-time visibility into all behavioral, technical, and segment data" cannot be used to extrapolate that Quantum analyzed or interpreted any of the captured information.

*United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp*., 660 F. Supp. 2d 1163, 1170 (2009) ("[A] court will not accept as true unreasonable inferences" (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949(2009)).

Plaintiff's reliance on *Revitch* and *Ribas* is therefore misguided.  Both of these cases concern situations in which a third party in fact accessed and used the contents of the alleged communications.  *Revitch v. New Moosejaw, LLC*, No. 18-cv-06827-VC, 2019 WL 5485330, at *1 (N.D. Cal. Oct. 23, 2019) (NaviStone's code collected data for *NaviStone's* marketing use); *Ribas v. Clark*, 38 Cal. 3d 355, 358 (1985) (defendant accessed and listened to plaintiff's conversation).  Similarly, recently-decided *Saleh v. Nike, Inc.* did not concern whether the recorded information could be accessed by the service provider.  No. 2:20-cv-09581-FLA (RAOx), 2021 WL 4437734, at *11 (C.D. Cal. Sept. 27, 2021).  Here, however,

Quantum's incorporated-by-reference patents and website pages establish that Quantum could not access the content of Plaintiff's communications with Lululemon—only Lululemon could.  (Mot. at 9-10; *see* Section II.A.)

Contrary to Plaintiff's contentions, there is no dispute of fact as to whether Quantum had access to the content of her communications.  (Opp. at 6 (citing SAC ¶¶ 18-35); *id.* at n.2.)  Plaintiff points to no allegations in the SAC that Quantum accessed or viewed captured data, and the paragraphs Plaintiff cites only discuss:

- what information session replay technology captures for *companies* to view (SAC ¶¶ 18-19, 27, 32);

- what Quantum's patent and marketing video state the technology "can," "may," and "is able to" do without reference to accessing data (*id.* ¶¶ 20, 22-26, 28-32); and

- how session replay's "capture engine" functions (*id.* ¶¶ 21, 33-35).

Further, her allegation that Quantum's encryption processes are "dubious" is pure conjecture.  (SAC ¶¶ 56-59.)  The 2017 "study" she cites not only is outdated, but does not even concern Quantum.  (See *id.*)  Accordingly, Plaintiff does not plead that Quantum was able to access, view, or read the encrypted information, nor can she.  (Mot. at 4-6.)

**Third**, Plaintiff's argument that Judge Beeler "erred" because her analysis in *Graham, Johnson,* and *Yale* did not consider that a manufacturer of a tape recorder is not present during a conversation is unpersuasive.  (Opp. at 6-7; Mot. at 8-9.)  In fact, Judge Beeler addressed the issue, finding that because the service was provided solely for the defendant's use, the service provider was "an extension of [the defendant]."  *Graham*, 2021 WL 1312765 at *5.[2]  Nor do Judge Beeler's

---

[2] Judge Beeler is not alone.  Several courts in Florida reached the same conclusion that the use of session replay technology is not a wiretap.  *See, e.g., Goldstein v. Costco Wholesale Corp.*, No. 21-CV-80601-RAR, 2021 WL 4134774, at *2-3 (S.D. Fla. Sept. 9, 2021) ("mere tracking of . . . movements on Defendant's website is the cyber analog to record information Defendant could have obtained through a security camera at a brick-and-mortar store"); *Goldstein v. Luxottica of Am. Inc.*, No. 21-80546-CIV, 2021 WL 4125357, at *1 (S.D. Fla. Sept. 9, 2021); *Connor v. Whirlpool Corp.*, No. 21-CV-14180-WPD, 2021 WL 3076477, at *2-3

decisions infringe upon the "express objective" of CIPA, as Plaintiff contends. (Opp. at 8.)  Finding that a service provider is an extension of a party to the communication, where the service is provided solely for that party's benefit, aligns with the purpose of CIPA.  No "outsider" was privy to the content of the communications, as all data was encrypted and pseudonymized or de-identified *before* it left Plaintiff's device.  (*See* Mot. at 4-6.)  As a result, Quantum's platform is no more than a tool in the hands of Lululemon, much like the tape recorder in *Rogers v. Ulrich*, 52 Cal. App. 3d 894 (1975).

### b.   Quantum did not access the "content" of any communication

***Keystrokes, mouse clicks, pages viewed, and shipping and billing information are not content.***  Despite her argument otherwise, Plaintiff has not cured her pleading deficiencies, and this Court should again find that keystrokes, mouse clicks, pages viewed, and shipping and billing information do not constitute message content.  (July 15 Order at 12-13.)  The same is true for the undefined "purchase information" she added in the SAC.  (SAC ¶ 48.)[3]

***First***, as this Court recognized, monitoring of a *communication* does not necessarily mean that *content* was captured.  Plaintiff provides no basis for treating the two terms synonymously.  (Opp. at 9.)  The Court was precise in its use of each term, emphasizing that "content" "does not include record information . . . that is generated in the course of the communication."  (July 15 Order at 11.)  Plaintiff's contention that Quantum "monitors and intercepts website *communications*"

---

(S.D. Fla. July 6, 2021); *Cardoso v. Whirlpool Corp.*, No. 21-CV-60784-WPD, 2021 WL 2820822, at *2-3 (S.D. Fla. July 6, 2021); *Jacome v. Spirit Airlines Inc.*, No. 2021-000947-CA-01, 2021 WL 3087860, at *3-8 (Fla. Cir. Ct. June 17, 2021).

[3] If Plaintiff means payment card information, she has been inconsistent in her allegations among the various iterations of her complaint.  She alleged Quantum captured her credit card payment in the original complaint (Compl. ¶ 34), removed it from her FAC, and has now added it back into her SAC.  Quantum does not capture such information.  (Mot. at 14 n.13.)

therefore fails to satisfy her pleading requirements.  (Opp. at 9 (emphasis added).)

*Second*, Plaintiff is wrong that non-actionable record information, including "name, contact and payment information," becomes content simply because Plaintiff "input it herself."  (Opp. at 10.)  The Court already found that name and shipping and billing information do not constitute content "whether automatically generated or not."  (July 15 Order at 12-13.)  Plaintiff's selective quotes from *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1107 (9th Cir. 2014) do not warrant a different outcome.  Full reading of that case reveals that the Ninth Circuit found "*personal medical information* [entered] into a form provided by a website" constitutes content.  *Id.* (emphasis added).  Plaintiff does not allege she entered any such personal or sensitive information on Lululemon's website.  *See also Svenson v. Google, Inc.*, 65 F. Supp. 3d 717, 721, 729 (N.D. Cal. 2014) (name, Google account name, home city and state, and ZIP code entered into form is record information).

*Finally*, Plaintiff fails to respond to Defendants' argument that her allegation that Quantum encrypts data is "dubious" is speculative.  (Mot. at 15.)  In the absence of well-pleaded allegations, as discussed above, no dispute of fact is created by Defendants' reliance on Quantum's website and patent, which have been incorporated by reference.  (*See* Section II.A; Mot. at 15.)

**Plaintiff's webpage history on Lululemon's website is not "content."**
Plaintiff's reliance on *Facebook III*, *Revitch*, and *Aldaheff* to argue that her "series of requests" on Lululemon's website constitutes "content" is misplaced and ignores this Court's prior ruling.  (Opp. at 12-14; July 15 Order at 12-13.)  Each case is distinguishable.  *Facebook III* did not address whether the allegedly captured information constituted "content."  (July 15 Order at 11, n.31 (rejecting Plaintiff's argument that *Facebook III* evaluated definition of "content").)  *Revitch* also did not evaluate the definition of "content," but rather assessed whether a "communication" occurred.  (July 15 Order at 10-11 (rejecting Plaintiff's argument that *Revitch* evaluated content).)  As for *Alhadeff*, it concerned the "communicative" nature of

6

the information under a Florida statute, and the court cited no authority (California or otherwise) on the subject. *Alhadeff v. Experian Info. Sols., Inc.*, No. SACV 21-00395-CJC (KESx), 2021 WL 3615834, at \*2 (C.D. Cal. May 25, 2021).

### c. Quantum's platform does not capture "content" "in transit"

Even if Plaintiff's communications were "readable" by Quantum, Plaintiff still fails to demonstrate that they were captured "in transit."[4]  Contrary to Plaintiff's argument, Quantum's use of the term of art "real time" in its patents does not suggest anything about whether communications are captured "in transit."  This is especially true, as the majority of Plaintiff's quotes from Quantum's patent involve "monitoring" or "aggregat[ion]," not "collection" or "capture" in "real-time."  *See e.g.*, SAC ¶¶ 20, 26, 85; Mot. at 16; *see also In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1227-28 (C.D. Cal. 2017) ("vague allegations about how [the defendant's] data collection occurs 'in real time'" does not establish that the defendant collected the data "in transit").  Plaintiff's allegations are thus similar in substance to the allegation made in *Jacome*, 2021 WL 3087860, which Plaintiff fails to successfully distinguish.  (*See* Opp. at 18.)

Nor does subjective "common sense" establish that Quantum read the contents of communications in transit.  (Opp. at 16.)  The figure Defendants' included from one of Quantum's patents shows otherwise.  (Mot. at 17.)  The Court should reject Plaintiff's invitation to ignore this figure given that Plaintiff relies on Quantum's patents throughout her SAC and opposition.  (SAC ¶¶ 20-34; Opp. at 4, 6, n.2, 16-18; *see also* Section A.)  Finally, the Court's prior finding that Plaintiff

---

[4] Plaintiff asserts that § 631(a)(ii) applies even when a communication is intercepted while it is not in transit (Opp. at 15), but this argument is without support.  The "disjunctive" language Plaintiff focuses on merely shows that the statute applies from the beginning to the end of a communication and that the statute applies to communications either sent or received in California.  It does not erase the settled "in transit" requirement on which Plaintiff's own cases focus.  *See, e.g., Revitch*, 2019 WL 5485330, at \*2 (noting that the "intervention happened while the signal was already in transit from Revitch's device").

DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO DISMISS

1   alleged (in the FAC) Quantum "captures, stores, and interprets her real-time data"

2   does not mean that the Court held Quantum captured Plaintiff's communications

3   "in transit."  (*See* Opp. at 15.)  Indeed, the Court did not consider this argument in

4   its July 15 Order.  (*See* July 15 Order at 11-13.)

5          In *Luis v. Zang*, a case Plaintiff cites, the court explained that the plaintiff

6   alleged the communications were acquired "as [they were] being written and

7   communicated between senders and recipients."  833 F.3d 619, 630 (6th Cir. 2016)

8   (alterations in original).  Unlike here, the software there "immediately and

9   instantaneously rout[ed] the intercepted communications to [the defendant's]

10   servers."  *Id.* at 630-31.  Plaintiff does not allege, nor could she, that Quantum's

11   platform "instantaneously" routes communications because user data is encrypted

12   and de-identified *before it is transmitted from the device*.  (*See* Mot. at 17-18.)

13   Plaintiff's reliance on *In re Carrier IQ, Inc.* is again misplaced.  (Opp. at 17-18.)

14   Unlike here, it involved software that intercepted content of text messages in

15   "unencrypted, human-readable form."  78 F. Supp. 3d at 1062-63.

16          Indeed, in the more recently decided *Mastel v. Miniclip SA*, the court rejected

17   a similar argument that data retrieved from "transitory electronic storage" is

18   captured "in transit," finding that the relevant question is whether the defendant

19   "read one of [the plaintiff's] communications while it was still in transit, i.e., before

20   it reached its intended recipient."  No. 2:21-cv-00124 WBS KJN, 2021 WL

21   2983198, at *4-5 (E.D. Cal. July 15, 2021).  There is no allegation here that

22   Quantum read any of Plaintiff's "responses" to Lululemon's "inquiries."[5]

23          **2.     Plaintiff's § 631(a)(iv) claim against Lululemon fails with
            her § 631(a)(ii) claim**

24          Where Plaintiff's claims under CIPA § 631(a)(ii) fail, no claim under

25

26          [5] *See Theofel v. Farey-Jones*, 359 F.3d 1066, 1077 (9th Cir. 2004) (no
    "intercept[ion]" where defendant accessed emails that were already delivered);

27   *Bunnell v. Motion Picture Ass'n of Am.*, 567 F. Supp. 2d 1148, 1153–54 (C.D. Cal.
    2007) (defendant did not "intercept" messages where the messages were in

28   electronic storage when copied before being forwarded).

§ 631(a)(iv) can survive.  Accordingly, Plaintiff's claim for aiding and abetting against Lululemon should be dismissed.

### C.    Plaintiff Fails to State a Claim for Invasion of Privacy / Intrusion

Plaintiff's opposition confirms that her common law invasion of privacy claim should be dismissed.  Rather than directly tracking the elements of a common law invasion of privacy claim—which are (1) a reasonable expectation of privacy and (2) a highly offensive intrusion—Plaintiff makes irrelevant and unsupported arguments that ignore this Court's July 15 Order and Defendants' motion.  For example, Plaintiff's argument concerning a legally recognized privacy interest (Opp. at 19) does not relate to an element of a common law invasion of privacy claim (Mot. at 18-19).  Moreover, this Court already acknowledged that such a privacy interest, i.e. autonomy privacy, only protects bodily autonomy and has not been extended to protect data autonomy.  (July 15 Order at 19.)  Plaintiff cites no case law to the contrary.  She relies on *In re Google Assistant Privacy Litigation*, but there, the court dismissed the invasion of privacy claims, and the cases the court relied on for the sentence Plaintiff quotes did not involve data collection.  457 F. Supp. 3d 797, 829 (N.D. Cal. 2020).  Plaintiff also relies on *Facebook III,* but as discussed above, in Defendants' motion, and this Court's July 15 Order, *Facebook III* is distinguishable.  (*See* Section II.B.1.b; Mot. at 19-23; ECF No. 31 at 19.)

### 1.    Plaintiff does not plead a reasonable expectation of privacy
#### *No reasonable expectation of privacy in non-sensitive information.*

Through her silence, Plaintiff concedes that none of the information allegedly collected was sensitive or confidential.  *See Wallace v. Nationstar Mortg., LLC*, No. 2:18-cv-02768-JAM-DB, 2020 WL 7182085, at *3 (E.D. Cal. Dec. 7, 2020) (where a plaintiff fails to respond to a defendant's arguments, she concedes the point by silence); *see also Ardente, Inc. v. Shanley*, No. C 07-4479 MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 10, 2010).  The Court could find that Plaintiff lacks a reasonable expectation of privacy on this basis alone.  *See* Mot. at 21; *see also*

9

*Saleh*, 2021 WL 4437734, at *15 (no reasonable expectation of privacy where the plaintiff pleads no "facts to suggest defendants collected intimate or sensitive personally identifiable information").

**No reasonable expectation of privacy in information collected only during Plaintiff's visit to Lululemon's website.**  In arguing that she had a reasonable expectation of privacy in her search for and purchase of jogger pants on Lululemon's website, Plaintiff fails to address the cases cited in Defendants' motion or the Court's July 15 Order.  She instead cites three inapposite cases that further support dismissal of her claim.  (*See* Opp. at 20-21.)  In each of these cases, the defendants tracked more than a user's visit to the defendant's single website *and* did so after explicitly telling users they would not.

*In re Nickelodeon Consumer Privacy Litigation* involved the collection and sharing of personal information about children under age 13, including the various webpages they visited, after the defendant affirmatively stated it does not collect any personal information.  827 F.3d 262, 267-69 (3d Cir. 2016).  That case also involved an intrusion claim under New Jersey law.  *Id.* at 293-95.  Likewise, in *In re Vizio, Inc.*, the defendant collected and disclosed individuals' watch histories from their Smart TVs after the individuals opted out of collection.  238 F. Supp. 3d at 1212-13.  And, in *Williams v. Facebook, Inc.*, Facebook purportedly collected information about users' call and text logs after asking for permission only to access the users' contact lists.  498 F. Supp. 3d 1189, 1193 (N.D Cal. 2019).

**No reasonable expectation of privacy in voluntarily shared information.**  Plaintiff concedes that there is no reasonable expectation of privacy in voluntarily shared information.  (Opp. at 21-22.)  Her only argument is that she did not voluntarily share her information with Quantum.  (*Id.*)  But Plaintiff ignores that the information she shared was either encrypted and pseudonymized or de-identified before it was transmitted from her device and therefore never shared with Quantum.  (Mot. at 4-5, 15, 17, 20.)  Accordingly, no privacy interest was invaded.  (*Id.* at 21.)

Moreover, by voluntarily sharing the data collected in general, regardless of with whom she intended to share it, Plaintiff did not conduct herself in a manner consistent with an actual expectation of privacy. *Saleh*, 2021 WL 4437734, at *15 (agreeing with defendants that plaintiff had no reasonable expectation of privacy where he "*intentionally* provided information to [d]efendants" even though he was unaware that a session replay provider recorded this activity); (*see also* Mot. at 21).

***No reasonable expectation of privacy where Defendants' conduct is common practice and disclosed in Lululemon's Privacy Policy.*** Plaintiff's arguments as to Lululemon's Privacy Policy miss the mark.[6] The question is not whether she *consented* to the Privacy Policy, but rather whether the conduct she complains of was disclosed.[7] This Court already noted that Lululemon disclosed Quantum's presence. (*See* July 15 Order at 9-10.) Importantly, the disclosure demonstrates that Defendants "d[id] not . . . otherwise disregard[] Plaintiff's privacy choices while simultaneously holding themselves out as respecting them." *See Saleh*, 2021 WL 4437734, at *15. Unlike cases like *Facebook III* and *In re Nickelodeon*, where the defendants collected information after explicitly stating they would not, here Lululemon was open about its use of vendors like Quantum to track data about website usage. *See Facebook III*, 956 F.3d at 603 ("the critical fact was that the online entity represented . . . that . . . information would not be collected, but then proceeded to collect it anyway"); (*see also* July 15 Order at 19).

Finally, Plaintiff fails to acknowledge that her allegations regarding whether

---

[6] The cases Plaintiff cites in support either do not involve an invasion of privacy claim (*Nguyen, Benson*) or involve an explicit argument by the defendant that the claim failed because the plaintiff consented to the privacy policy (*Moreno, Opperman*), which Defendants do not make here. (*See* Opp. at 22.)

[7] For this reason, the Court's discussion on consent in the July 15 Order in connection with Plaintiff's CIPA claim is not relevant here. The Court should also disregard Plaintiff's argument that Defendants cannot rely on the Privacy Policy because it includes indefinite language, like "others *may* use . . . tracking technologies[,]"in light of her own reliance on patents using the same type of indefinite language. (*See* Opp. at 23; SAC ¶¶ 22, 26, 30, 31, 50, 85.)

the use of session replay is common practice are contradicted by case law and the multitude of cases Plaintiff's counsel (and other counsel in Florida) has brought against other businesses arising out of use of session replay. (*See* Mot. at 22-23.) Moreover, neither of the paragraphs she cites in support of her argument are helpful. (Opp. at 23.) Paragraph 37 is purely conclusory, and paragraph 66 involves a 2017 "study" that, as discussed, does not analyze Quantum's platform.

### 2.      Defendants' conduct is not highly offensive to a reasonable person

There is no question of fact precluding the Court from concluding that Defendants' alleged conduct here is not highly offensive, and Plaintiff's argument ignores that courts frequently grant motions to dismiss on this point. (*See* Mot. at 24.) The cases Plaintiff cites for this proposition do not find otherwise (Opp. at 24), as the courts' rulings were driven by entirely different and far more expansive conduct than alleged here. *See Facebook III*, 956 F.3d at 596, 598, 607-08; *In re Google Location History Litig.*, 514 F. Supp. 3d 1147, 1151-52, 1155 (N.D. Cal. 2021) (Google collected and stored users' location data after it assured users it would not do so and then used this data for targeted ads); *Graham*, 2021 WL 1312765 (marketing company "mined information from other websites[,]" "create[d] marketing databases of consumer information[,]" and sold that information). In fact, the court in *In re Google Location History Litigation* even noted that there is no highly offensive conduct where a defendant only tracks the plaintiff during his or her use of the defendant's services. 514 F. Supp. 3d at 1158. That is exactly the case here.

Dated:  October 22, 2021                              MORRISON & FOERSTER LLP


                                                     By: */s/ Purvi G. Patel*
                                                     ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                                     Purvi G. Patel
                                                     ***Attorneys for Defendant***
                                                     ***Quantum Metric, Inc.***

Dated:  October 22, 2021                    DLA PIPER LLP (US)


                                            By: */s/ Angela Christine Agrusa*
                                                Angela Christine Agrusa
                                            ***Attorneys for Defendant***
                                            ***Lululemon USA Inc.***

DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ECF ATTESTATION

I, Purvi G. Patel, am the ECF User whose ID and password are being used to file the foregoing document.  In accordance with Local Rule 5-4.3.4, concurrence in the filing of this document has been obtained from, Angela Christine Agrusa, counsel for Defendant Lululemon USA Inc., and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

Dated: October 22, 2021               MORRISON & FOERSTER LLP

                                      By: _/s/ Purvi G. Patel_____
                                          Purvi G. Patel

                                      *Attorneys for Defendant*
                                      *Quantum Metric, Inc.*